UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN H. REDMOND, IV,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | CAUSE NO. 3:07-CV-495 JM |
| vs.  ) | |
| ) | |
| WILLIAM WILSON,  ) | |
| ) | |
| Respondent.  ) | |

**OPINION AND ORDER**

John H. Redmond, IV, a *pro se* prisoner, filed this habeas corpus petition alleging three grounds for challenging his criminal conviction in the Vanderburgh Circuit Court on October 16, 2006 in cause number 82C01-0605-FD-546. He indicates in his petition that he plead guilty and did not take a direct appeal. Rather, he filed a motion for pre-sentence credit on August 10, 2007 which he considers deemed denied, a post-conviction relief petition on June 22, 2007 which he subsequently withdrew, and a motion to compel for sentencing orders on June 19, 2007 which was denied. He states that none of the issues raised in those proceedings were appealed to the Indiana Supreme Court.

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in

>post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid.*

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

Before this court can address his claims, Redmond must have afforded the Indiana Supreme Court the opportunity to address them. Because it is clear that Indiana afforded Redmond a means for challenging his conviction in state court and because it is clear that Redmond has not yet utilized that procedure and appealed his claims to the Indiana Supreme Court, this petition must be dismissed without prejudice.

>>If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

For the foregoing reasons, the court **DISMISSES** this petition **WITHOUT PREJUDICE** because these claims have not been exhausted in state court.

SO ORDERED.

ENTERED: October 29, 2007

>s/ James T. Moody  
>James T. Moody, Judge  
>United States District Court